UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:09-825-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Devin Mitchell, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

Defendant has filed a motion for relief seeking to apply the recent Supreme Court decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), to his sentence. ECF No. 1332. Defendant argues that *Johnson* "states it is no longer appropriate to enhance a person for a firearm. I'm requesting that you please remove this 2 levels [sic] enhancement from my calculated guidelines." ECF No. 1332. Defendant also seeks to have his sentence reduced based upon his behavior while incarcerated in the United States Bureau of Prisons (BOP).

The Government has moved for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has not responded to the Government's motion and the time for doing so has expired.

Defendant's motion for relief is untimely. Pursuant to 28 U.S.C. § 2255(f), a motion for relief under § 2255 must be filed within one (1) year of the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

1

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under § 2255, a defendant must file an application for relief under § 2255 within one year of his conviction becoming final. Defendant's conviction becomes final on April 26, 2010. *See*, *e.g.*, United *State v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (because defendant did not seek direct appellate review of his conviction, judgment became final for § 2255 purposes as of date Judgment Order entered on docket).[1] Defendant filed the current motion on August 24, 2015.

The Supreme Court has determined that "2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).[2] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Defendant from filing a

---

[1]The Circuit Courts are split as to when a judgment of conviction becomes final for purposes of § 2255(f)(1), where, as here, the Defendant files no appeal. The Second, Third, Sixth, Tenth and Eleventh Circuits have held that "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (emphasis added). *Accord United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir.2000); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). However, as noted above, the Fourth Circuit has held that where no appeal has been filed, the judgment of conviction becomes final on the date the district court enters judgment, and not "upon the expiration of the period in which the defendant could have appealed to the court of appeals." *United States v. Sanders*, 247 F.3d 139, 142. (4th Cir. 2001).

[2]*Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See*, *e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

motion, or extraordinary circumstances beyond Defendant's control made it impossible to timely file the claim. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at 650 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Absent any response from Defendant to the Government's dispositive motion, there are no grounds to support the application of equitable tolling. Accordingly, Defendant's motion for relief under § 2255 is untimely.

Even if the court applied equitable tolling to reach the substance of Defendant's claims, the court finds they are barred by the waiver contained in Defendant's plea agreement. Appeal waivers are enforceable if the record establishes (1) that the waiver is knowing, voluntary, and intelligent and (2) that the issue being appealed is within the scope of the waiver. *See United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005); *United States v. Johnson*, 410 F.3d 137, 149 (4th Cir. 2005). This same standard applies to the waiver of motions for relief under § 2255. *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005). That is, as long as Defendant's waiver of his appellate and post-conviction rights was knowing and voluntary, his sentence cannot be challenged unless his grounds for attacking his sentence fall outside the scope of the waiver. *See id.* at 220 n.2. The court finds that based upon a review of the record, Defendant's waiver of his post-conviction rights was knowing and voluntary, and this motion is therefore barred by the terms of the plea agreement.

Finally, even if the court were to address the substance of Defendant's claims, they are without merit. The Supreme Court's decision in *Johnson* is not applicable to Defendant's case and a § 2255 motion is not a post-conviction motion in which Defendant can pursue relief for positive behavior while incarcerated.

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment

is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 3, 2015